JAMES W. THRAILKILL, PLAINTIFF IN ERROR, V. WILL-IAM DAILY ET AL., DEFENDANTS IN ERROR.

Upon the facts stated in the opinion, *Held*, To be no error in the record.

ERROR to the district court for Butler county. Tried below before GEORGE W. POST, J.

*E. R. Dean*, for plaintiff in error.

*Lamb, Billingsley & Lambertson*, for defendants in error.

COBB, CH. J.

This action was brought in the court below by Thrailkill and Nelson, plaintiffs in error, against Daily, Ball, and

the two Reeds, defendants in error. It appears from the bill of exceptions that Thrailkill and Nelson claimed a stock of goods at Ulysses, Butler county, which they claimed to have bought from one Stiles; that Daily was United States marshal, and Ball his deputy; that Ball, as such deputy, by virtue of a writ of attachment issued out of the circuit court of the United States, at the suit of certain foreign creditors of said Stiles, seized the said goods, and that the Reeds were summoned by him as appraisers to assist in making an inventory and appraisement of the said attached goods. The Reeds resided in Butler county, Daily, the marshal, resided in Nemaha county, and Ball, the deputy, who actually served the attachment, resided in Douglas county. The defendants answered in the case, Daily and Ball together, but separate from the two Reeds, who made a joint answer, each of them setting up in their several answers a claim that the making of the Reeds defendants was fraudulent on the part of the plaintiffs, and for the sole purpose of thereby fraudulently obtaining jurisdiction of the two principal defendants, Daily and Ball. They also set up fraud in the alleged sale of the goods from Stiles to Thrailkill and Nelson, and that the same was made for the purpose of defrauding the creditors of Stiles. There was a trial before a jury, and the verdict and judgment in favor of the defendants. The plaintiffs bring the case to this court on error.

There is but one error assigned in the petition in error, which is, that the court erred in overruling the motion for a new trial. It may be considered, therefore, that the case is before this court rather on general principles. At the hearing, as well as in the briefs of counsel, considerable importance seems to be attached to the question of the jurisdiction of the district court of Butler county over the defendants Daily and Ball; and it is alleged in both the answers that the Reeds were made defendants for the fraudulent purpose of thereby enabling the plaintiff to acquire

jurisdiction on the part of the court in Butler county over the two principal defendants. I do not think this an important question in this case, for we are quite clear that the district court of Butler county originally had not jurisdiction of the two principal defendants, and that it acquired such jurisdiction only by their appearance in the cause; but they did appear, and thereby in my opinion submitted themselves to the jurisdiction of that tribunal. There can be no doubt, in any event, of the justice of the verdict in favor of the two Reeds, as they could not, whatever might be the rights of the plaintiffs as to the marshal and his deputy, be held as trespassers for obeying the summons of said deputy marshal and acting as appraisers of said goods; and there is no pretense that they acted in any other capacity. When a citizen is summoned by the sheriff or a marshal to act as an appraiser or to assist in making an inventory of goods levied on, he has no option but to obey; and there is no principle of law which would hold such obedience as a foundation for an action of trespass against him. But suppose they were guilty of trespass, and jointly guilty with the marshal and his deputy, would that enable the plaintiff, by joining all in the same action, to issue summons to other counties for service on the other two? I think not. Neither the petition in error nor plaintiff's brief point out any respect in which the evidence fails to support the verdict, or the instructions given by the court to the jury fail to express the law as applicable to the pleadings and evidence in the case. It is suggested in the brief that the seizing of these goods by the United States marshal was an interference upon the part of the federal with the state authorities; but we fail to see that such case is made either by the pleadings or the evidence. Indeed, we see no error in the record, and accordingly the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.