CALVIN H. PARMELE, PLAINTIFF IN ERROR, V. JASPER
W. CONN, DEFENDANT IN ERROR.

1. **Verdict Sustained.** The verdict of a jury upon question of
fact where the testimony is conflicting will not be set aside un-
less clearly wrong.

2. ———: PARTNERSHIP. So where one of the questions involved
in a cause submitted to the jury was, whether or not a partner-
ship relation existed between the parties to the suit, and upon
the facts stated by some of the witnesses the jury could find that
a partnership did not exist, and they so found, such finding will
not be molested. And the same rule will be applied to all cases
where there is conflicting testimony upon material or vital
points in the case.

ERROR to the district court for Cass county.   Tried be-
low before POUND, J.

*A. Beeson* and *Sam M. Chapman*, for plaintiff in error,
cited :   *Leabow v. Renshaw*, 61 Mo., 292.

*Crites & Ramsey*, for defendant in error.

REESE, J.

There is but one error assigned in the petition in error,
which is, that " the court erred in overruling the motion
for a new trial," and as said in *Thraillkill v. Daily*, 16
Neb., 115, " It may be considered, therefore, that the case
is before this court rather on general principles."

There are two principal questions in the case, which are:
*First.* That a partnership existed between plaintiff in
error and defendant in error; and *Second.* That the set-off
pleaded by defendant in error was barred by the statute of
limitations at the time the answer containing it was filed.
Both of these questions were presented to the jury by the
instructions of the court, and as no complaint is made as

to them, it must be taken for granted that they stated the law correctly.

The testimony of the witnesses upon the subject of the terms of the contract was conflicting, defendant in error testifying that plaintiff in error said to him that he, plaintiff in error, had purchased forty acres of timbered land for $530.00, and proposed that if defendant in error would oversee and attend to the cutting, hauling, and marketing the wood, that after all expenses were paid, including what he paid for the land, he would give defendant in error one-half of the balance, which defendant in error agreed to do. Plaintiff in error testified that he and defendant in error undertook the cutting of the wood off and marketing it, and divide whatever was made out of it.

The court instructed the jury, in substance, that if they found that plaintiff in error was the owner of the timber, and employed defendant in error to superintend the cutting, hauling, and marketing of the same, and agreed to pay him for his services in that behalf one-half of the proceeds of the wood which should remain after all the disbursements and expenses incurred in such cutting, hauling, and marketing were paid, such facts would not constitute a partnership between the parties.

Assuming that the facts as testified to by plaintiff in error would constitute a partnership, it must be conceded that the facts as testified to by defendant in error would not.

The question of fact, as to which of the witnesses was correct, was a question which it was the peculiar province of the jury to determine, and with their finding we must be content.

It appears that as the work was being done, and the wood sold, the parties would pay to each other certain sums of money as a part of the proceeds, but without much formality in the way of keeping books of account, and at the close there was some wood, posts, etc., left on

hand.   It was testified by defendant in error that in the spring of 1880, and within four years prior to the filing of the answer, plaintiff in error sold some of the wood, and paid defendant in error one-half of the proceeds. This is not denied by plaintiff in error, but he testified that it was likely true that there were some "little odds and ends around" owing to them for wood, and that as it was collected he would pay to defendant in error.   If there was no partnership, and if, as testified by defendant in error, there was a large amount of money due him for his services in handling and disposing of the wood, then it is clear that the statute of limitations did not commence to run until his services were rendered, and the wood disposed of.   This being true, the jury were justified in finding the set-off not to be barred by the statute.   Many cases occur where the verdict of a jury on questions of fact are not entirely satisfactory to the court, and this seems to be such an one, but the courts must not invade nor intrude upon the domain of juries as triers of facts submitted to them, unless the verdict is clearly and manifestly wrong.   Such being the law, the verdict must stand.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.